**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AIG Aviation, Inc. and American Home Insurance Company, Arizona corporations,<br><br>Plaintiffs,<br><br>vs.<br><br>On Time Express, Inc., an Arizona corporation,<br><br>Defendant. | No. CIV 04-2168-PHX-DKD<br><br><br>**ORDER** |

Pending before this Court is Defendant On Time Express, Inc.'s ("On Time") Motion to Dismiss Counts I and II of the Plaintiffs, AIG Aviation Inc. and American Home Insurance Company's ("AIG") Complaint (Doc. #2).

**FACTUAL AND PROCEDURAL HISTORY**

This case arises from an automobile accident that occurred while Defendant On Time was delivering cargo pursuant to a November 22, 2002 contract with Mesa Airlines/Freedom Airlines ("Freedom") from Phoenix, Arizona to Santa Fe Springs, California. As a result of the November 25, 2002 accident, AIG, Freedom's insurance provider, covered the losses for the damaged cargo. Now AIG is seeking to recover from On Time for the damage to the property, cost of repair, loss of use, diminished value and other damages. Specifically, AIG has claimed that Defendant (1) was negligent, (2) breached its bailment contract and (3) was liable pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("Carmack"), governing interstate commerce of common carriers. Plaintiffs argue that under the Carmack

Amendment, On Time is liable for damages arising from the failure to deliver the cargo and for damages to the cargo itself.

Defendant's Motion to Dismiss asserts that, pursuant to Carmack, the Federal remedy provided therein is the sole and exclusive remedy. On Time also argues that the state law claims, Negligence (Count I) and Breach of Contract (Count II), cannot be converted into the Carmack claim as AIG argues, but that Carmack simply preempts the state claims. In addition to arguing that Carmack was not intended to preempt all state law, AIG maintains that the Motion to Dismiss should be denied or ruling withheld to provide time for more discovery with respect to identifying whether On Time is a "Carrier" or a "Freight Forwarder". On Time asserts that aside from being evident that On Time is a carrier, for the purposes of a Motion to Dismiss, the court must presume the truth of all factual allegations. On Time argues that AIG alleged in the Complaint that On Time was a Carrier and governed by Carmack. Finally, On Time argues that, although AIG alleges the state claims are "separate and apart" from the Carmack claim, they are not. On Time reasons that because they are not claims distinct from loss or damage to goods, such as intentional infliction of emotional distress, they are not apart from the loss or damage to goods claim exclusively governed under the Carmack Amendment. In its Motion to Dismiss, On Time moves to dismiss Counts I and II of the Complaint.

AIG originally filed the Complaint in Maricopa County Superior Court on September 20, 2004. Plaintiffs' claim was for $211,185.38, plus costs, attorney's fees, prejudgment interest and loss of use of the equipment in question. The case was removed to Federal Court pursuant to 28 U.S.C. § 1441(a) on October 13, 2004 (Doc. #1). On November 8, 2004, AIG filed its Response in Opposition to On Time's Motion to Dismiss Counts I and II of the Complaint (Doc. #4). On November 18, 2004, On Time filed its Reply (Doc. #6). This Court has original federal question jurisdiction, and all parties have consented to proceed before a Magistrate Judge in accordance with 28 U.S.C. § 636(c) (Doc. #11).

## STANDARD OF REVIEW

When considering a Motion to Dismiss for failure to state a claim brought pursuant to FRCP 12(b)(6), the court must presume all the factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992). A complaint should not be dismissed unless it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998).

## DISCUSSION

The Carmack Amendment, originally passed in 1906, addresses the liability of common carriers for goods lost or damaged during shipment and provides shippers the statutory right to recover for the actual loss or injury to their property caused by any of the carriers involved in the shipment. *Alitalia v. Arrow Trucking Co.,* 977 F.Supp. 973, 978 (D.Ariz. 1997) (citing *Pietro Culotta Grapes v. Southern Pacific Transp.*, 917 F.Supp. 713, 715 (E.D. Cal.1996). Common Carrier status is determined by reference to what the trucker holds itself out to be and the services offered, not by corporate character or declared purpose. *Hughes Aircraft v. North American Van Lines, Inc.*, 970 F.2d 609 (9th Cir. 1992).

The Carmack Amendment established a uniform national liability policy for interstate carriers and subjects motor carriers to absolute liability, although the carrier may limit its liability for such damage. *Id.* at 611-612. A carrier is liable for damages to transported goods unless it shows the damage was caused by "(a) "The act of God; (b) the public enemy; (c) the act of the shipper himself; (d) the public authority; or (e) the inherent vice or nature of the goods." *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964). A shipper establishes a *prima facie* case under Carmack when it is shown that (1) delivery of the shipment to the carrier was in good condition, (2) arrival of the shipment was in damaged condition, and (3) the amount of damages. *Id*. at 138. The burden of proof then shifts to the carrier to show both that it is free from negligence, and that damage to the cargo was due to one of the excepted causes relieving the carrier of liability. *Id*. The general rule for determining damages is the

difference between the market value of the property in the condition in which it should have arrived and the damaged condition in which it did arrive. *Tayloe v. Kachina Moving & Storage, Inc.*, 16 F.Supp. 2d 1123 (D.Ariz. 1998), *citing Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.*, 661 F.2d 761, 764 (9th Cir. 1981); *F.J. McCarty Co. v. Southern Pacific Co.,* 428 F.2d 690, 692 (9th Cir. 1970).

An interstate shipper's sole remedy against common carriers for damages to goods is Carmack. *Margetson v. United Van Lines, Inc.*, 785 F.Supp. 917 (D.N.M. 1991). The Carmack Amendment was interpreted by the United States Supreme Court as evidence of Congressional intent to "[t]ake possession of the subject, and supercede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913). In *Margetson*, the court found that the shipper's breach of contract claim was preempted by Carmack and stated that the cases "have consistently recognized the preemptive effect of Carmack over breach of contract claims." *Margetson v. United Van Lines*, 785 F.Supp. at 919. The court found that "in transportation" included storage and that the intent of Congress did not limit the Amendment to damages incurred while in movement. *Id.* at 920.

"Virtually every circuit to address this issue has held that the Carmack Amendment preempts state law remedies for loss or damage to goods shipped by common carriers." *Schultz v. Auld*, 848 F.Supp. 1497, 1502 (D. Idaho 1993). Nevertheless some courts have allowed a plaintiff to assert a state law claim because the courts reasoned that Carmack's preemptive effect extended only to the shipment and delivery of goods, not to events occurring prior to, or after the shipment and delivery.[1]

The Savings Clause[2] in the Carmack Amendment does not preserve remedies for claims of damage to goods. *Hubbard v. All States Relocation Services, Inc.*, 114 F.Supp.2d 1374, 1379

---

[1] *Sokhos v. Mayflower Transit Inc.,* 691 F.Supp. 1578 (D.Mass. 1988); *Mesta v. Allied Van Lines International, Inc.*, 695 F.Supp. 63 (D.Mass. 1988).

[2] "Except as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law."  49 U.S.C. § 13103 (1971).

- 4 -

(S.D. Ga. 2000). However, it does preserve rights and remedies that are not inconsistent with the rules prescribed by the provisions of the Carmack Amendment. *Id.* (citing *Adams Express Co. v. Croninger*, 226 U.S. at 507). The First Circuit has held that if a Plaintiff can allege a claim separate and apart from the loss of damage to goods, that claim is not preempted. *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997).

Allowing a Plaintiff's state law claims to impose greater liability than under the Carmack Amendment would undermine the certainty that the legislature intended to provide. *Pietro Culotta Grapes v. Southern Pacific Transp.*, 917 F.Supp. at 716; *Charleston & W. C. Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 603 (1915).

## CONCLUSION

It is clear from the case law of this and other jurisdictions that the Carmack Amendment is the sole and exclusive remedy provided by Congress with respect to damage resulting from shipment and delivery of goods interstate. Although AIG asserts that determination of On Time's carrier status is needed, this Court finds for the purposes of the Carmack Amendment that On Time is a carrier and governed by Carmack. Not only did AIG allege this status in the Complaint[3], but On Time essentially conceded its status in its Reply.[4] The Court will accept that "self-evident" status as represented by Defendant. Reply at p. 4. Further, although urged by AIG that the state law claims are converted into claims arising under federal law, the case law demonstrates that this does not mean the claims are incorporated or given additional consideration by the court. Instead Carmack's ordinary preemption means that if the claim is not separate and apart from damages to the goods, then it has already been contemplated within Carmack's sole remedy function.

---

[3](Doc. # 1).

[4](Doc. # 6).

- 5 -

1 AIG's claims for loss of use, "diminution in value, and consequential damages which may include business interruption, lost profits, or other matters,"[5] are not separate and apart from the Carmack damage to goods claim. Carmack has specifically been held to preempt state common law claims which seek loss of business damages. *Consolidated Rail Corp. v. Primary Industries Corp.*, 868 F.Supp. 566 (S.D.N.Y. 1994). All of AIG's consequential damages claims are not only a direct result of but are recognized as included within the damages to goods claim under Carmack. Some courts have held that a state law claim of intentional infliction of emotional distress can be asserted as separate and apart from the damaged goods. However, no claim above and beyond that already covered by Carmack has been asserted here. *See Hubbard v. All States Relocation Services, Inc.*, 114 F.Supp.2d 1374 (S.D. Ga. 2000).

In accordance with the foregoing, this Court will dismiss Counts I and II of Plaintiffs' complaint as preempted by the Carmack Amendment, thus leaving Count III, AIG's Carmack, claim to be determined.

**IT IS HEREBY ORDERED** that Defendant On Time's Motion to Dismiss Counts I and II of Plaintiff, AIG's Complaint, is **GRANTED** (Doc. #2).

The Court will set a Rule 16 Conference by separate order.

DATED this 30th day of September, 2005.

_____
David K. Duncan
United States Magistrate Judge

---

[5] (Doc. #4-Response).